

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:23-cv-07413-JLS-E | Date: October 17, 2023 |
| Title:  Hunter Nation v. Samsung Electronics America, Inc. | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Gabby Garcia | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:**  (IN CHAMBERS)  ORDER REMANDING TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES

  The Court ordered Defendant Samsung Electronics America, Inc. to show cause as to why this removal-based action should not be remanded to state court because this Court lacks subject-matter jurisdiction.  (OSC, Doc. 16.)  Defendant timely responded.  (Response, Doc. 17.)  Having reviewed that response, the Court REMANDS this action to the Superior Court of California for the County of Los Angeles, Case No. 23SMCV03490.

### I.  BACKGROUND

  Plaintiff Hunter Nation filed a pro se, one-paragraph complaint against Defendant in California state-court.  (Compl., Doc. 1-1 at 10).  The complaint seeks $100 *trillion* in damages for injuries that "are emotional . . . and financial."  (*Id.*)  Plaintiff checked a form-complaint box for "Intentional Tort" (*id.* at 9), but his one-paragraph complaint does not otherwise provide any guidance as to what causes of action he asserts or what bases he has to allege such an extraordinary amount of damages.  Indeed, in a pending motion before this Court, Defendant describes Plaintiff's complaint as "so vague, ambiguous, and unintelligible that Defendant . . . cannot determine its legal or factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:23-cv-07413-JLS-E | Date: October 17, 2023 |
| Title:  Hunter Nation v. Samsung Electronics America, Inc. | |

bases." (Mot. for More Definite Statement, Doc. 14 at 7.) Nonetheless, Defendant removed—invoking this court's diversity jurisdiction and contending that the amount-in-controversy requirement is satisfied. (Notice of Removal, Doc. 1 at 2–3.)

The Court issued an OSC, sua sponte questioning its subject-matter jurisdiction over this action and ordering Defendant to respond. (OSC, Doc. 16.) The Court's OSC explained that the Court finds Plaintiff's assertion of $100 trillion in damages to fail the good-faith requirement and thus not be an allegation that the Court must accept when conducting its jurisdictional analysis:

> Where a defendant removes on the basis of diversity jurisdiction, "the sum demanded in good faith in the initial pleading [*i.e.*, the plaintiff's state-court complaint] shall be deemed to be the amount in controversy." 28 U.S.C. § 1446; *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). But "[b]ackground principles of law indicate that 'good faith' allegations must be consistent with plausibility pleading standards," so courts will "not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Licea v. Caraway Home Inc.*, No. EDCV 22-1791 JGB (SHKx), 2023 WL 1999496, at *6 (C.D. Cal. Feb. 9, 2023); *see also Petkevicius v. NBTY, Inc.*, No. 3:14-cv-02616-CAB (RBB), 2017 WL 1113295, at *4 (S.D. Cal. Mar. 24, 2017) ("[S]imply stating . . . the amount in controversy . . . without any specific factual allegations as to the actual amount sought by the plaintiffs does not constitute a good faith allegation . . . ."). Here, the plaintiff's pro se complaint alleges, without any underlying factual support, that he is entitled to $100 trillion in damages for "emotional" and "physical" harms. (Compl., Doc. 1-1, Ex. A at 10). This unsupported, fanciful allegation is not a good faith assertion of the amount in controversy that the Court must credit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:23-cv-07413-JLS-E | Date: October 17, 2023 |
| Title:  Hunter Nation v. Samsung Electronics America, Inc. | |

   Accordingly, Defendant was obligated to "mak[e] a plausible assertion of the amount at issue in its notice of removal." *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023).  "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff *or questioned by the court*."  *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014)).  Here, Defendant did not make a plausible amount-in-controversy allegation and instead just recited the above-disregarded allegation of $100 trillion of damages made in Plaintiff's complaint.  (Notice of Removal, Doc. 1 ¶ 12.)

(OSC, Doc. 16 at 1–2.)

**II. ANALYSIS**

   Defendant makes three arguments in support of subject-matter jurisdiction.  The Court finds none persuasive and REMANDS this action to state court.

   First, Defendant argues that remand is improper because "[t]here is nothing showing to a *legal certainty* that Plaintiff cannot recover more than" $75,000.  (Response, Doc. 17 at 2, 4 (emphasis added).)  Plaintiff's argument misunderstands the two-step legal framework governing when courts defer to a plaintiff's amount-in-controversy allegation.  First, "the sum claimed by the plaintiff controls *if the claim is apparently made in good faith*."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938) (emphasis added).  Second, and only if that threshold requirement is met, the court then applies the legal-certainty test and may disregard the plaintiff's allegation only if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount."  *Id.*  The necessary implication of the conditional language in *Saint Paul* is that, if a court finds a jurisdictional allegation to have not been made in good faith, the court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:23-cv-07413-JLS-E | Date: October 17, 2023 |
| Title:  Hunter Nation v. Samsung Electronics America, Inc. | |

may disregard that allegation.  *See, e.g.*, *Licea v. Caraway Home Inc.*, No. EDCV 22-1791 JGB (SHKx), 2023 WL 1999496, at *6 (C.D. Cal. Feb. 9, 2023).

    Here, as explained in its OSC, the Court found Plaintiff's amount-in-controversy allegation to fail *Saint Paul*'s threshold good-faith requirement: "[P]laintiff's pro se complaint alleges, without any underlying factual support, that he is entitled to $100 trillion in damages for 'emotional' and 'physical' harms.  This unsupported, fanciful allegation is not a good faith assertion of the amount in controversy that the Court must credit."  (OSC, Doc. 16 at 2 (citation omitted).)  In its response, Defendant does not contend that the Court factually erred in finding Plaintiff's allegation to fail the good-faith requirement; nor does it argue that the Court erred as a legal matter in requiring some modicum of plausibility before deeming an allegation to clear the good-faith hurdle.  Instead, Defendant ignores the Court's threshold finding that Plaintiff's allegation failed the good-faith requirement and moves on to argue that it is not a legal certainty that Plaintiff will recover $75,000 or less.  But as the conditional language in *Saint Paul* makes clear, a court proceeds to the legal-certainty test only "if the claim is apparently made in good faith."  303 U.S. at 289.

    Second, Defendant makes the related argument that "cases cited in the Court's [OSC] involve a different situation: where a plaintiff's complaint does *not* affirmatively allege the amount in controversy."  (Response, Doc. 17 at 2.)  Like Defendant's first argument, this one also overlooks the Court's conclusion that Plaintiff's amount-in-controversy allegation failed the threshold good-faith requirement.  Because the Court discarded Plaintiff's amount-in-controversy allegation as bad faith, the complaint in this case is one that "does *not* affirmatively allege the amount in controversy."

    Third, Defendant attempts to satisfy its obligation to prove by a preponderance of evidence that the amount-in-controversy requirement is met.  To do so, it lists a handful of California state-court verdicts involving emotional distress. (Response, Doc. 17 at 5–

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-07413-JLS-E                                                                         Date: October 17, 2023
Title:  Hunter Nation v. Samsung Electronics America, Inc.

6.)  But verdicts are relevant evidence only if they are from *similar* cases.  Here, the verdicts Defendant lists arise from a broad swath of factual circumstances: one case involved the "attempt[ed] murder of [the] plaintiff's spouse"; another involved "sexual orientation harassment at [the] plaintiff's workplace"; and another involved an employee-plaintiff's "wrongful termination."  (*Id.*)  These verdicts from factually varied cases provide no insight into what Plaintiff could recover in this case pursuant to a complaint that Defendant accurately describes elsewhere as "so vague, ambiguous, and unintelligible that [one] . . . cannot determine its legal or factual bases."  (Mot. for More Definite Statement, Doc. 14 at 7.)  Accordingly, the Court concludes that Defendant has failed to prove by a preponderance of evidence that this action satisfies diversity jurisdiction's amount-in-controversy requirement.

**III.     CONCLUSION**

For the above reasons, this action is REMANDED to the Superior Court of California for the County of Los Angeles, Case No. 23SMCV03490.

Initials of Deputy Clerk: gga